RECEIVED
IN ALEXANDRIA, LA

MAY 11 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT BRUCE<br>    La. DOC #397176<br>VS. | CIVIL ACTION NO. 1:10-cv-0383<br><br>SECTION P<br><br>JUDGE JAMES T. TRIMBLE |
| WARDEN TIM WILKINSON | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Pro se petitioner Robert Bruce filed the instant petition for writ of habeas corpus (28 U.S.C. §2254) on March 10, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his January 6, 2000 convictions for felony grade theft and possession of stolen property in the Ninth Judicial District Court, Rapides Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Petitioner was convicted of felony grade theft and possession of stolen property on January 6, 2000. [Doc. #1, ¶3] He did not appeal. [*Id.*, ¶6(a)]

On some unspecified date in September 2008 petitioner filed an application for post-conviction relief in the Ninth Judicial District Court raising claims of ineffective assistance of counsel, denial of the right to a fair trial, conflict of interest, and prosecutorial misconduct. On September 24, 2008, his application was denied by the district court. [*Id.*, ¶7] He sought writs in the Third Circuit Court of Appeals and his writ application was denied on February 26, 2009 in an unpublished writ judgment under Docket Number KH 08-01386. [ *Id.*] His subsequent writ application was denied by the Louisiana Supreme Court as untimely[1] on January 29, 2010. State of Louisiana ex rel. Robert F. Bruce, 2009-0782 (La. 1/29/2010), 25 So.3d 816.

He filed the instant petition on March 10, 2010. He argues (1) ineffective assistance of counsel; (2) improper venue; (3) insufficiency of the evidence; and, (4) denial of the right to a fair and speedy trial.

---

[1] In denying relief, the Supreme Court cited La. C.Cr.P. art. 930.8 which provides for a two year period limitations for seeking post-conviction relief.

## *Law and Analysis*

### *1. Limitations - 28 U.S.C. §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>In Re Smith</u>, 142 F.3d 832, 834, citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending

---

[2] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that State created impediments prevented the timely filing of this petition. Nothing suggests that the factual predicate of petitioner's claims was only recently discovered.(see 28 U.S.C. § 2244(d)(1)(B),(C), and (D)).

in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. Therefore, for AEDPA purposes, petitioner's judgment of conviction and sentence, at the latest, "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], five business days after the imposition of sentence, or sometime in the early part of 2000 when the statutory period for filing a motion for appeal lapsed.³ Under 28 U.S.C. §2244(d)(1) petitioner

---

³ Petitioner claims that he was convicted on January 6, 2000. [Doc. #1, ¶3(b); he does not alleged the date that sentence was imposed. However, under Louisiana law, sentences must be imposed "... without unreasonable delay..." Petitioner claimed that Gary W. Sheffield and Richard Burns represented him at sentencing [Doc. #1, ¶11(D)], and, according to the per curiam of the Louisiana Supreme Court in Sheffield's attorney disciplinary proceedings, Sheffield pled guilty to a drug offense in this Court on February 25, 2000. [See <u>In re: Gary W. Sheffield</u>, 2007-0288 (La. 6/15/2007), 958 So.2d 661; See also <u>U.S.A. vs. Sheffield</u>, No. 1:99-cr-10027 at Doc. 6]

It must therefore be assumed that petitioner was sentenced some time prior to February 25, 2000.

At the time petitioner was convicted and sentenced, La. C.Cr.P. art. 914(B) provided, "The motion for an appeal must be made no later than: (1) Five days after the rendition of the judgment or ruling from which the appeal is taken..." The article was amended by Acts 2003, No. 949, §1 to provide for a 30 day period for seeking an appeal.

4

had one year, or until sometime in early 2001 to file his federal *habeas* petition.

Petitioner filed an application for post-conviction relief in the Ninth Judicial District Court on some unspecified date in September 2008. [Doc. #1, ¶7] However, by that time, the AEDPA limitations period had long expired, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998). In addition, that application was ultimately denied as untimely by the Louisiana Supreme Court (see <u>State ex rel. Bruce v. State</u>, 2009-078 (La. 1/29/2010), 25 So.3d 816) and therefore petitioner could not rely on the tolling provisions since the untimely application was not "properly filed." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(A state post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2).)[4]

In short, the available evidence establishes that the instant petition is time-barred by the provisions of 28 U.S.C.

---

[4] Petitioner may suggest that he is entitled to have the limitations period reckoned from the date he discovered evidence of his trial counsel's disbarment. His attorney was disbarred on June 15, 2007. See <u>In re: Gary W. Sheffield</u>, 2007-0288 (La. 6/15/2007), 958 So.2d 661. Even if petitioner was afforded the benefits of statutory tolling pursuant to §2244(d)(1)(D), the current petition would be untimely since more than one-year elapsed untolled between June 15, 2007 and September 2008, the date petitioner filed his untimely application for post-conviction relief.

§2244(d)(1)(A).

### 2. *Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting Davis, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See Turner v. Johnson, 177 F.3d 390, 291 (5th Cir.1999); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." Coleman v. Johnson, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996) (emphasis

supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association**, 79 F.3d 1415

**(5th Cir. 1996).**

In Chambers, Alexandria, Louisiana _May 11_, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE